UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SHELDON LAMARK, SR.

        Plaintiff,

vs.                                    CIVIL NO. _____

BAYOU INSPECTION SERVICES, INC. and WILLIE TEZENO

        Defendants.

## COMPLAINT

Plaintiff, Sheldon Lamark, Sr., brings this action against Defendants for damages and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff states the following as his claims against Defendants:

### I.   OVERVIEW

1. Plaintiff brings claims to recover unpaid overtime compensation, liquidated damages, attorney fees and costs under § 216(b) of the FLSA. Plaintiff was misclassified as FLSA overtime exempt and was paid a salary when, in fact and in law, Plaintiff was employed as a non-exempt general laborer who was entitled to overtime.

### II.   THE PARTIES

**Plaintiff**

2. Plaintiff Sheldon Lamark, Sr. is a citizen of the United States, domiciled in the City of Gibson, Parish of Terrebonne, State of Louisiana. Plaintiff was employed by Defendants as a general laborer from approximately May 5, 2000 to November 9, 2020.

3. Pursuant to 29 U.S.C. § 216(b), Plaintiff Lamark consents in writing to be a party to this FLSA claim. His consent form is attached as Exhibit A.

4. Plaintiff was an individual employee engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

**Defendants**

5. Defendant, Bayou Inspection Services, Inc., is a domestic corporation, with its principal place of business located at 318 Degravelle Road, Amelia, Louisiana.

6. Defendant, Willie Tezeno, is an individual domiciled in the Parish of St. Mary, State of Louisiana, who, at all times, was Plaintiff's "employer" under the FLSA.

7. Defendants are or have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and have annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

8. At all relevevant times, Defendants are, and have been, the employer of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

### III.   JURISDICTION

9. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 207(a) of the FLSA. Additionally, this Court has personal jurisdiction over Defendants, as Defendants are domiciled and conduct business in the Western District of Louisiana.

## IV.   VENUE

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) as Defendants conduct business within this District and a substantial part of the events giving rise the claims asserted herein occurred in this District.

## V.   FACTS

11. Plaintiff was, at all times, employed by Defendants as a general laborer whose job duties consisted of manual labor as a non-supervisor.

12. Defendants suffered and permitted Plaintiff to regularly work more than forty (40) hours in a workweek.  Plaintiff's typical workday started between 5 am and 7 am and lasted ten to twelve hours per day. Plaintiff worked 5 or 6 days per work week. Plaintiff worked at least 50 hours almost every work week, and often worked 60 to 70 hours in a work week.

13. Plaintiff was not compensated in compliance with the FLSA because he was not paid overtime wages for all hours worked in excess of forty (40) hours per work week.  Rather than paying Plaintiff 1.5 times his regular rate of pay for all hours worked over forty (40) in a work week, Defendants classified Plaintiff as an exempt salaried worker and paid him a weekly salary of $967.50.

14. Defendants are or should have been aware that Plaintiff was non-exempt under the FLSA and that he was required to and did work over 40 hours in a work week.  Defendants assigned Plaintiff's work schedule which routinely required overtime hours.

15. Plaintiff's job as a general laborer consisted of manual labor.  Plaintiff did not qualify for any FLSA overtime exemption.

16. Defendants did not pay Plaintiff an overtime premium for hours worked over forty in a work week.

17. Defendants violated the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying Plaintiff overtime as required by law.

18. Defendants were aware that they misclassified Plaintiff as FLSA overtime exempt and were not compensating him properly as required by the FLSA.

19. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff overtime compensation for all hours worked over forty (40) in a workweek.

20. Defendants' failure to comply with the FLSA overtime protections caused Plaintiff to suffer loss of wages and interest thereon.

21. Plaintiff is entitled to overtime for all hours worked over 40 in a work week for the last 3 years, liquidated damages in an amount equal to Plaintiff's unpaid overtime, attorneys' fees and costs under the FLSA.

## VI.

## JOINT EMPLOYER ALLEGATIONS

22. At all times pertinent hereto, Defendant, Willie Tezeno, the President and an owner, manager, and executive officer of Bayou Inspection Services, Inc.

23. Defendant Tezeno exercised supervisory and managerial responsibilities and substantial control over the terms and conditions of Plaintiff's work including, but not limited to, assigning work, hiring and firing, and classifying Plaintiff as FLSA overtime exempt.

24. Further, Defendant Tezeno was responsible for the administration of the business affairs of Bayou Inspection Services, Inc. and exercised control over the work situation and conditions of its employees, including Plaintiff.

25. Defendant Tezeno is jointly and solely responsible for the payroll practices of Bayou Inspection Services, Inc. including, but not limited to, the payroll practices complained of herein.

26. Defendant Tezeno was vested with authority to, and actually acted directly or indirectly for, and had operational control over Bayou Inspection Services, Inc.'s business activities including managerial responsibilities for all aspects of operations and its employees;

27. Defendant Tezeno employed Plaintiff and participated directly in employment decisions regarding Plaintiff;

28. Accordingly, Defnedant Tezeno is an "employer" under the FLSA and, as such, is jointly and severally liable for damages for his failure to comply with the FLSA including all damages claimed herein.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff prays for relief as follows:

1) Judgment that Plaintiff is entitled to the overtime protections under the FLSA;

2) Judgment against Defendants for violation of the overtime provisions of the FLSA;

3) Judgment finding that Defendants' violations of the FLSA were willful;

4) An award to Plaintiff for unpaid overtime wages and liquidated damages;

5) An award of pre- and post-judgment interest;

6) An award of reasonable attorneys' fees and costs; and

7) Such further relief as may be necessary and appropriate.

Respectfully submitted:

BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana  70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000


By:/s/ Philip Bohrer
    Philip Bohrer (#14089)
    phil@bohrerbrady.com
    Scott E. Brady  (#24976)
    scott@bohrerbrady.com